# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**BENJAMIN BASS, # L6142**                                                                          **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 4:13cv12-CWR-LRA**

**INVESTIGATOR J.G. KUFEL, SHERIFF**
**TODD KEMP, OFFICER JOHN GRIFFITH,**
**CHIEF DEPUTY JEFF HARPER, and**
**CLARKE COUNTY SHERIFF'S**
**DEPARTMENT**                                                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT are *pro se* Plaintiff Benjamin Bass's pleadings. He is incarcerated with the Mississippi Department of Corrections and brings this action challenging his convictions for armed robbery and kidnaping. He seeks damages as well as release from custody. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

## BACKGROUND

Bass claims that he was arrested by the Clarke County Sheriff's Department in connection with an armed robbery and kidnaping that occurred on September 24, 2001. He claims that even though he is mentally disabled and "diagnosed as being retarded," he was questioned as a suspect by police. (Compl. at 4). Particularly, he claims he was interrogated by Defendants Sheriff Todd Kemp, Chief Deputy Jeff Harper, Deputy John Griffith, and Investigator J.G. Kufel. After Bass denied involvement, he alleges Harper spit in his face and said, "Boy if you did not do this you are still guilty in our eye sight." *Id.* at 5. Bass claims that the other three officers began to beat him. Sheriff Kemp choked him, while Kufel slapped him, and Griffith kicked him. He then alleges that Defendants told him to confess to the crimes or they would "take him out somewhere in [sic] kill

him in [sic] tell every body [sic] that the plaintiff tr[i]ed to escape." *Id.* Bass then allegedly was "leaded [sic] by the hand in [sic] show[n] how to write by 1 of the officials. The plaintiff did not have no attorney present . . . . It was just a scare[d] simple minded young man crying an[d] wondering will these 4 officials kill him for no reason." *Id.* This, he claims, is how his confession was produced.

Bass claims that this forced, false confession was the only evidence against him. He filed this action on January 16, 2013, seeking release and compensatory damages.

This is not the first action Bass has brought contesting the convictions. On January 2, 2013, he filed a mixed 42 U.S.C. § 1983 complaint alleging excessive force from a pepper spraying incident at the Clarke County Jail and a 28 U.S.C. § 2254 claim raising the same issue with his confession. *Bass v. Cir. Ct. of Clarke Cnty.*, 4:13cv3-DPJ-FKB (S.D. Miss.). The habeas claims were severed and opened in *Bass v. Circuit Court of Clarke County*, 4:13cv60-HSO-RHW, on April 1. Magistrate Judge Robert H. Walker granted Bass permission to proceed *in forma pauperis* in that habeas action, and it is still pending.

## DISCUSSION

S<span>ECTION</span> 1983

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil

of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Bass to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

Bass alleges he was subjected to excessive force, which led to a coerced and false confession to armed robbery and kidnaping. He claims he was wrongfully convicted of both crimes solely on the basis of the false confession. A Section 1983 claim that challenges the fact or duration of a state conviction "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where success on the Section 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Success on Bass's claims would necessarily invalidate his State court convictions for armed robbery and kidnaping. He claims he is innocent and that the false, coerced confession was the only evidence against him. Therefore, the claims may only proceed if he proves the convictions have

already been invalidated. Bass admits the convictions have not been reversed. However, he believes the case was "called into question by this federal court[']s issuance of a writ of habeas corpus that was filed in granted [sic] by this court. Honorable Judge s/ [sic] Robert H. Walker, Civil Action No. 4:13-cv-00060-HSO-RHW-. [sic]" (Resp. at 1). As explained above, he has a contemporaneous habeas petition challenging the same convictions. Although Bass contends that Magistrate Judge Walker granted habeas relief, the record in that case establishes that all he granted was permission to proceed without paying the filing fee in that case. That action is still pending, and habeas relief has not been granted. Therefore, it is clear that Bass has not yet been granted habeas relief in this matter.

Because the convictions have not yet been invalidated, Bass is precluded by *Heck* from challenging them in this Section 1983 civil action at this time. The claims under Section 1983 are dismissed with prejudice for failure to state a claim, until such time as he successfully has the State court convictions invalidated, via appeal, post conviction relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under 28 U.S.C. 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

HABEAS

The habeas claim is duplicative to a prior filed Section 2254 case, *Bass v. Circuit Court of Clarke County*, 4:13cv60-HSO-RHW. The habeas claim in the instant case is therefore dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the Section 1983 claims should be and are hereby **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as the State court convictions are invalidated. This dismissal counts

4

as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that the habeas claim is **DISMISSED WITHOUT PREJUDICE**.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 22nd day of April, 2013.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE